**Marshall Meyers (020584)**
**Weisberg & Meyers LLC**
**2833 North Central Avenue, #613**
**Phoenix AZ 85004**
**602 445 9819**
**866 565 1327 facsimile**
**mmeyers@AttorneysForConsumers.com**
**Attorney for Plaintiff**

**Larry P. Smith (6217162)**
**Admitted *Pro Hac Vice***
**Larry P. Smith &Associates, Ltd.**
**205 North Michigan Avenue, 40th Floor**
**Chicago Illinois 60601**
**312 222 9028**
**lsmith@lpsmithlaw.com**
**Attorney for Plaintiff**

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| CHRISTOPHER D. CARTER, SR., ) | Case No. |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **COMPLAINT** |
| ) | |
| BRE MORGAN ASSETS, LP DBA ) | |
| VILLAGIO APARTMENTS, ) | |
| ) | |
| Defendant. | |

## **COMPLAINT**

### **I.   Preliminary Statement**

1.   This is an action for damages brought by an individual consumer against the Defendant for violations of the Fair Credit Reporting Act (hereafter the "FCRA"), 15 U.S.C. §1681 *et seq.*, *as amended.*

## II.     Jurisdiction and Venue

2. Jurisdiction of this Court arises under 15 U.S.C. § 1681p, 28 U.S.C. §§ 1331, 1337. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

## III.     Parties

3. Plaintiff, CHRISTOPHER D. CARTER, SR., is an adult individual and citizen of the State of Maryland.

4. Defendant, BRE MORGAN ASSETS, LP d/b/a VILLAGIO APARTMENTS, is a business entity that regularly conducts business in the United States, and is a corporation whose principal place of business is located in the State of Arizona.

5. Prior to September of 2007, Plaintiff fell victim to identity theft wherein one or more impostors had used Plaintiff's personal information to obtain credit in Plaintiff's name for the financial gain of the impostor(s).

6. In September of 2007, Plaintiff placed a security alert on his credit file specifically stating that Plaintiff had been the victim of identity theft and requesting that any person extending credit contact Plaintiff directly before extending credit.

7. Notwithstanding the fact that a fraud alert was on Plaintiff's credit file with all three major credit reporting agencies, Defendant gained access to Plaintiff's credit file and processed an application for an apartment rental to an individual other than Plaintiff without.

8. Upon information and belief, despite the fraud alert on Plaintiff's credit file, on November 19, 2007, Defendant accessed Plaintiff's credit file upon receipt of a request for an apartment rental application.

9. Defendant then and there owed to Plaintiff a duty to contact Plaintiff at the number provided on Plaintiff's credit file.

10. Notwithstanding Plaintiff's efforts and Defendant's duties, Defendant continued process the apartment rental application.

11. Despite Plaintiff's efforts to date, Defendant has nonetheless deliberately, willfully, intentionally, recklessly and negligently repeatedly failed to perform its reasonable duties as required by the FCRA, has failed to remove the inaccurate inquiry from Plaintiff's credit file and has continued to report the derogatory inaccurate information about Plaintiff.

12. Plaintiff has been damaged, and continues to be damaged, in the following ways:

    a. Out of pocket expenses associated with disputing the information only to find the information to remain on the credit report;

    b. Emotional distress and mental anguish associated with having incorrect derogatory personal information transmitted about Plaintiff to other people both known and unknown;

    c. Decreased credit score which may result in inability to obtain credit on future attempts.

13. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of Defendant herein.

14. At all times pertinent hereto, the conduct of Defendant, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of Plaintiff herein.

## IV.   Allegations

## COUNT ONE
## VIOLATIONS OF FCRA v. VILLAGIO APARTMENT HOMES

15.   Plaintiff re-alleges and incorporates paragraphs 1 – 14 as if fully set forth herein.

16.   At all times pertinent hereto, the Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

17.   At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

18.   At all times pertinent hereto, this Defendant was a "person" as that term defined by 15 U.S.C. § 1681a(b).

19.   This Defendant violated sections 1681n and 1681o of the FCRA by engaging in the following conduct that violates 15 U.S.C. § 1681c-1(h)1(B)(i):

   (a)   willfully and negligently failing to contact the consumer, when accessing a consumer report that includes an initial fraud alert or an active duty alert;

   (b)   willfully and negligently establishing a new credit plan or extension of credit in the name of the consumer; and

   (c)   willfully and negligently failing to utilize reasonable policies and procedures to form a reasonable belief that the it knows the identity of the person making the request; and

   (d)   willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681c-1(h)1(B)(i).

20.   This Defendant's conduct was a direct and proximate cause, as well as a substantial factor, in causing the injuries, damages and harm to Plaintiff that are outlined more fully above, and as a result, Defendant is liable to compensate

Plaintiff for the full amount of statutory, actual and punitive damages, along with attorneys' fees and costs, as well as such other relief permitted by law.

### V.  Jury Trial Demand

21. Plaintiff demands trial by jury on all issues so triable.

### VI.  Prayer For Relief

WHEREFORE, Plaintiff, CHRISTOPHER CARTER, SR., seeks judgment in Plaintiff's favor and damages against the Defendant, based on the following requested relief:

(a) Actual damages;

(b) Statutory damages;

(c) Punitive damages;

(d) Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n, 1681o;

(e) Such other and further relief as may be necessary, just and proper.

Respectfully Submitted this 19th day of March, 2008

By: s/Marshall Meyers
 Marshall Meyers
 Weisberg & Meyers LLC
 2833 North Central Avenue, #613
 Phoenix, AZ 85004
 602 445 9819
 866 565 1327 facsimile
 mmeyers@AttorneysForConsumers.com
 Attorney for Plaintiff

By: s/Larry P. Smith
Larry P. Smith (6217162)
Admitted *Pro Hac Vice*
Larry P. Smith &Associates, Ltd.
205 North Michigan Avenue, 40th Floor
Chicago, Illinois 60601
312 222 9028
lsmith@lpsmithlaw.com